UNITED STATES OF AMERICA                    Civ. No. 05-1015 (FB)

                                            PETITIONER'S RESPONSE TO
                                            GOVERNMENT'S MEMORANDUM
                    Plaintiffs.             OF LAW IN OPPSITION TO HIS
                                            28 USC § 2255 MOTION
vs.


JULIUS R. NASSO
         Defendants.

_____

Petitioner, Julius R. Nasso, pro se, and in response to the unverified return by the United States Attorney for the Eastern District of New York, as ordered on March 1, 2005, Petitioner states:

1. Petitioner admits he allocuted to a plea contract in August of 2003. This plea agreement stipulated a sentence of one year and one day. It did not stipulate where that sentence was to be served and did not rule out a sentence of home confinement.

2. On February 25, 2004, the judgment of conviction was entered with the sentence of one year and one day, with a $75,000.00 fine imposed by U. S. District Judge Block. At sentencing Judge Block found that the conduct was aberrant and out of character.

1


RECEIVED APR 2 1 2005 PRO SE OFFICE

3. At time neither party or the Court was aware that the Court could have sentenced him to Probation or home confinement.

4. Petitioner denies that his claims are procedurally barred, and that he had to raise unknown and unavailable claims in an appeal as suggested by the Government. He further disputes that his clams regarding Seagal's material perjury is "baseless" as suggested by respondents.

5. Petitioner further disputes the bald conclusion by the Respondent suggesting that Petitioner failed to exhaust his administrative remedies. The Bureau of Prisons Regulations require that such administrative remedy processes be entirely completed within 180 days. Petitioner administrative remedies have been pending for more than 200 days.

6. Petitioner disputes the testimony offered by the respondents and alleges the same is false, fraudulent and perjured.

7. Petitioner is informed and believes that the Respondents, and others known to the Respondents have information in their possession or readily available to them that is exculpatory, and may constitute Jenks or Brady material.

8. Petitioner further has reason to believe that the United States Attorneys are aware of the connection of Steven Seagal to Anthony Pellicano, and others and may very well be intending to indict Steven

Seagal for his material perjuries, and is using other information including tape recordings from illegal wire taps by Anthony Pellicano, and others associated with him and Pellicano investigations.

9. Petitioner asks that the Court enter the appropriate order that will allow the exparte or in camera review of the records and information Petitioner seeks as discovery. The requested discovery if allowed is designed to elicit facts and information regarding Petitioner's actual and factual innocence.

10. Petitioner respectfully reminds the Court that his projected release date is July 3, 2005, with his actual prison term to be less than one year as computed by the Federal Bureau of Prisons. Such consideration may in fact establish under New York law that petitioner is actually suffered a misdemeanor conviction as adjusted or construed under New York law. He asks for consideration issuance of an order sustaining the accompanying Motion for reinstatement of bail or and or for an order that will allow the remainder of the service of the sentence to home confinement.

11. Petitioner also seeks to expand the record in this Cause and reminds the Court that he was and has been denied or deprived of the right of confrontation, perhaps implicating the seminal decision of **Crawford v. Washington**,    U.S.    (2004), with the right of confrontation is in effect abridged by the fact that the Respondent's

offering of the testimony of Mr. Seagal which petitioner can rebut and show is maliciously false, fraudulent and was perjured.

12. Petitioner is endeavoring to obtain information which he will submit to this Court that warrant's the Court's preliminary and Ex parte in camera proceedings which will show Respondent is endeavoring to obtain another indictment against Mr. Anthony Pellicano.

13. Petitioner submits that the sentence has in fact been changed by his receipt of good time credits which the Government did not and cannot reasonably appeal. What Petitioner seeks at this time is the right to expand the record with the additional materials, (his administrative proceedings at the Bureau of Prisons) leave for discovery, and the opportunity to present information indicating his factual or actual innocence. Petitioner suggests that there is information in the possession of the Respondent that may indicate petitioner can or could prove this claim. Pending this determination or ruling he should be and can be afforded the remainder of his sentence to be served at home confinement at the Court's discretion. Such is suggested to allow the Court to fashion a remedy pending the final determination of the matter which is suggested to be within the Court's discretion.

Whereas, in order for the full venilation of Affiant's claims and a de novo hearing should be granted, along with the other necessary facilities and procedures for an adequate inquiry should be afforded this affiant.

There is a high probability that the information sought and requested will establish factual innocence.

April 15, 2005

Respectfully presented,

*Julius R. Nasso*
Julius R. Nasso, No. 67923-053
FCI Elkton P.O. Box 10 DB
Lisbon, Ohio  44432