

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JULIUS R. NASSO,

            Movant,

   -against-

UNITED STATES OF AMERICA,

            Respondent.

-----------------------------------------------------------x

**MEMORANDUM & ORDER**
No. CV-05-1015 (FB)

*Appearances:*
*For the Movant:*
JULIUS R. NASSO, *Pro Se*
Reg. No. 67923-053
FCI Elkton
P.O. Box 89
Elkton, OH 44415

*For the Respondent:*
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
By:   KATYA JESTIN, ESQ.
Assistant United States Attorney
One Pierrepont Street
Brooklyn, NY 11201

**BLOCK, District Judge:**

      Julius Nasso ("Nasso"), proceeding *pro se*, moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. Nasso was sentenced by the Court on February 17, 2004 to twelve months and one day following his August 13, 2003 plea of guilty to the crime of conspiracy to interfere with interstate commerce by extortion in violation of 18 U.S.C. § 1951. In his motion, Nasso claims: (1) that his indictment was procured by perjury; (2) that his sentence violated the Sixth Amendment under *United States v. Booker*, 125 S. Ct. 738 (2005); and (3) that he is not receiving proper medical care within the Bureau of Prisons ("BOP"). In a supplemental filing, Nasso also contends that the BOP denied him placement in a Community Corrections Center ("CCC") due to incorrect prison records. For the reasons set forth below, the motion is denied.

I.

**1. Perjury Claim**

Nasso's plea was pursuant to a Plea Agreement ("Agreement"); in the Agreement, the United States stipulated under Fed. R. Crim. P. 11(c)(1)(C) to a sentence of imprisonment, below the Sentencing Guidelines, of twelve months and one day.  At the plea proceeding, Nasso acknowledged that he was "admitting his guilt" and that "by pleading guilty, [he] [was] relieving the government of the burden of [so] proving . . . ."  Tr. at 24.[1]  Furthermore, he agreed that "there w[ould] be no appeal to a higher court on the issue of guilt."  *Id.* at 26.

"A defendant who pleads guilty unconditionally admits all elements of the formal charge and, in the absence of court-approved reservation of issues for appeal, waives all challenges to prosecution except those going to the court's jurisdiction."  *United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003).  Such a defendant, however, "retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty," and to contend "that the district court failed to comply with [Fed. R. Crim. P.] 11(f)'s requirement that the court be satisfied that there is a factual basis for the plea[.]"  *United States v. Maher*, 108 F.3d 1513, 1528-29 (2d Cir. 1997) (citations and quotations omitted).

Because Nasso's perjury claim is nonjurisdictional in nature and was not reserved for appeal, his guilty plea waived the claim.  *Cf. United States v. Harris*, 293

---

[1]  Tr. refers to the transcript of the August 13, 2004 plea proceeding.

F.3d 970, 976-77 (6th Cir. 2002) (claim that indictment was procured by perjury was waived where not raised prior to or during trial). Furthermore, he has not alleged, much less demonstrated, that any error led to his guilty plea or that there was a Fed. R. Crim. P. 11(f) defect; thus, his perjury claim is barred.

**2. *Booker* Claim**

Nasso's *Booker* claim also fails because, as the Second Circuit has squarely held, "*Booker* . . . does not apply to cases on collateral review where[, as here,] the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued." *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005).

**3. Improper Medical Care and Denial of CCC Placement**

The Court will construe Nasso's final two claims under 28 U.S.C. § 2241 rather than under 28 U.S.C. § 2255. As the Second Circuit has explained:

> § 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence. Section 2241 by contrast is the proper means to challenge the execution of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

*Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004). However, under section 2241, the Court has jurisdiction "to issue writs only 'within [its] respective jurisdiction[ ].'" *Rickenbacker v. United States*, 365 F. Supp. 2d 347, 353 (E.D.N.Y. 2005) (quoting 28 U.S.C. § 2241 and citing *Rumsfeld v. Padilla*, 542 U.S. 426, ----, 124 S.Ct. 2711, 2724 (2004)). Accordingly, the Court lacks jurisdiction to issue a writ to the custodian of prisoners in

3

Elton, Ohio, where Nasso was confined as of the date that he filed this motion. *See id.*

Thus, Nasso's final two claims are dismissed for lack of jurisdiction.[2]

## II.

In regard to Nasso's first two claims, the motion is denied; in regard to his final two claims, the motion is dismissed without prejudice to refile in the proper jurisdiction. A certificate of appealability will not issue because Nasso has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
October 12, 2005

---

[2] It is unclear whether these claims have been administratively exhausted. *See United States v. Pineyro*, 112 F.3d 43, 45-46 (2d Cir. 1997) (A prisoner who challenges a decision that lies within the BOP's zone of authority must first exhaust his administrative remedies). In regard to his claim based on improper medical care, Nasso stated in his motion that it would "be ripe in 20-30 days, as administrative remedies will be exhausted[,]" Nasso Pet. at 5, but has not submitted any additional materials that show that the claim was ever exhausted; in regard to his claim based on the denial of CCC placement, Nasso has only submitted a copy of his initial appeal of the denial, which appeal was dated March 3, 2005. Moreover, because it appears that Nasso has now been released, these claims may now be moot. *See* Nasso Mem. in Support of Reply at 2 (noting that his expected release date was July 3, 2005); *see also* BOP, Inmate Locator, at http://www.bop.gov/iloc2/LocateInmate.jsp (listing Nasso as released on July 1, 2005).